IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 1:08-CR-00055-1 |
| ) | Honorable Judge Guzman |
| ) | Magistrate Ashman |
| NORMAN WIMBERLY, et. al., ) | |
| Defendants. ) | |

**NORMAN WIMBERLY'S MOTION TO SEVER FOR PURPOSES OF TRIAL**

Defendant, NORMAN WIMBERLY ("Mr. Wimberly"), by and through his undersigned attorney, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, moves this Court for the entry of an Order granting him severance from his co-Defendants for purposes of trial. In support of this Motion, Mr. Wimberly states as follows:

1. Rule 14 provides, in pertinent part, that "[I]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." See Rule 14(a). Thus, Rule 14 vests this Court with the "discretion to order separate trials if it appears that a defendant will be prejudiced by trying the offenses together." United States v. Smith, 308 F.3d 726, 736-737 (7th Cir. 2002)

2. A district court should grant a defendant's motion for severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Hughes, 310 F.3d 557 (7th Cir. 2002) (citations omitted); Smith, supra, 308 F.3d at 736 (7th Cir. 2002) ("motion to sever should be granted . . . where there is a serious risk of unfair prejudice that deprives the defendant of a fair trial"). For example, "the complexity of the charges," or "the spillover effect of testimony the Government offers against a co-defendant . . . may warrant a severance." Hughes, supra, 310 F.3d at 563. Similarly, "the risk that the jury would be confused or prejudiced" by a joint trial, or the risk that "the jury would be

overwhelmed by the sheer number of charges," may warrant separate trials.  United States v. Abdelhaq, 246 F.3d 990, 992 (7th Cir. 2001).

3. Here, the complexity of the charges, the number of Defendants, and the substantial probability that the jury will be both overwhelmed and confused in its attempts to appropriately segregate out and consider the evidence against Mr. Wimberly independently, warrant the severance of Mr. Wimberly's trial from that of his co-Defendants.  In addition, at least some of Mr. Wimberly's co-Defendants possess extensive criminal background records, unlike Mr. Wimberly.  Furthermore, Mr. Wimberly is brothers with one of his co-Defendants.  Finally, there is a dispute as to which of the Defendants, and to what extent the Defendants, spoke to which of the confidential Government witnesses.  Moreover, some of the Defendants, including possibly Mr. Wimberly, may assert an entrapment defense, which may be diametrically opposed to the defense of one or more of the co-Defendants.

4. Under these circumstances, the severance of Mr. Wimberly from his co-Defendants is the only procedural mechanism that can guarantee him a fair trial.

**WHEREFORE**, Defendant, Norman Wimberly, by his undersigned counsel, respectfully requests the entry of an Order severing him from his co-Defendants as set forth above for purposes of trial, and for such other and further relief as is appropriate under the circumstances.

Respectfully Submitted,

**By:**   /s/ *Michael I. Leonard*
Attorney for Defendant Norman Wimberly

Michael I. Leonard
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)
Dated: April 2, 2008

2

## CERTIFICATE OF SERVICE

I, Michael I. Leonard, an attorney, certify that on April 2, 2008 I caused a copy of Norman Wimberly's Motion to Sever for Purposes of Trial, to be served on the attorney(s) of record through the Court's ECF filing and notice system on
April 2, 2008.

               Respectfully Submitted,

**By:**  /s/ *Michael I. Leonard*
    Michael I. Leonard