IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:08-CR-00055-1 |
| ) | |
| ) | Honorable Judge Guzman |
| ) | Magistrate Ashman |
| NORMAN WIMBERLY, et. al., ) | |
| ) | |
| Defendants. ) | |

## NORMAN WIMBERLY'S MOTION FOR DISCLOSURE OF "CONFIDENTIAL SOURCES"

Defendant, Norman Wimberly ("Mr. Wimberly"), by and through his undersigned attorney, moves this Court for the entry of an Order directing the Government to disclose the identities and related information of the "Confidential Sources" (collectively as "CS") that it utilized in this case, and to which the Government refers in its initial Criminal Complaint and in the discovery materials that it has tendered to-date. In support of this Motion, Mr. Wimberly states as follows:

1. The present case involves an alleged drug conspiracy, in which the Government claims Mr. Wimberly participated.

2. The Government relied upon one or more CS to bring about that conspiracy.

3. More specifically, the Government employed CS who *initiated*, out of the blue, contact with one or more of the Defendants – including, allegedly, Mr. Wimberly.

4. The CS allegedly engaged in various telephonic and in-person communications with the Defendants, *prior to*, and after, ever meeting them in-person in the Chicago area.

5. In addition, the CS *paid for* one or more of the Defendants to travel from Georgia to Chicago -- according to the Government, to participate in a drug transaction.

6. Indeed, the Government contends that the CS spoke to Mr. Wimberly telephonically and in-person. This included telephonic communications that the Government claims *lead* Mr. Wimberly to travel to the Chicago area from Georgia, allegedly to participate in the drug transaction at issue. The identities of the persons to whom the CS spoke, at least in the telephonic communications, are at issue.

7. Moreover, the Government does *not* possess tape recordings of each of the alleged conversations between the CS and the Defendants – including the conversations that purportedly involved Mr. Wimberly and allegedly caused him to travel from Georgia to Chicago.

8. Accordingly, in order to prepare his defense to the present charges, and for purposes of calling witnesses at trial, it is necessary that the identity (including names, addresses, phone numbers) of the CS be revealed because Mr. Wimberly and his counsel should be able to probe to whom the CS allegedly spoke, and what was uttered during those communications – including the all important conversations that allegedly lead Mr. Wimberly and others to travel to Chicago.

9. Indeed, the requested CS related disclosure is directly relevant to the possible assertion by Mr. Wimberly (and possibly the other Defendants in this case) of an entrapment defense. Here, the requested disclosure is crucial to any such defense, particularly in light of the apparently undisputed fact that the CS initiated the communications that lead to the alleged drug transaction in Chicago, and the CS allegedly paid monies to Mr. Wimberly to induce him to travel to Chicago to allegedly participate in the alleged transaction. Moreover, since there is apparently no recorded record of what was purportedly uttered between the CS and the Government during each of the communications that allegedly caused Mr. Wimberly and the other Defendants to travel to Chicago, it is imperative that Mr. Wimberly and his counsel be allowed to probe the CS about the nature of such communications.

10. This requested disclosure should also include the criminal histories of the CS, and the terms upon which the CS were paid by the Government or otherwise rewarded by the Government for their work in this case (including but not limited to any formal or informal agreements) – *and in other cases*. Indeed, the Government's case agent, Lou Gade, had already admitted in his sworn testimony in this case (during the probable cause hearing), that the CS had already been rewarded in some way, or would ultimately be rewarded in some way, for their work on behalf of the Government in this matter. Therefore, such rewards in this and other cases bears directly upon their motive and actions in possibly entrapping Mr. Wimberly and the other Defendants.

11. This Court possesses the authority and discretion to grant such relief, and Due Process, the Sixth Amendment, and fundamental fairness dictates that such disclosure be made based upon the

circumstances in this case. *See, e.g., United States v. Malukas*, 1995 WL 35414 (Jan. 27, 1995 N.D. Ill.) This includes Mr. Wimberly's right to fully and effectively discover, call, and cross-examine witnesses.

**WHEREFORE**, Defendant, Norman Wimberly, by his undersigned counsel, respectfully requests the entry of an Order directing the Government to immediately provide the requested CS disclosure requested above, and for such other and further relief as is appropriate under the circumstances.

                              Respectfully Submitted,

**By:**    /s/ *Michael I. Leonard*
           Attorney for Defendant Norman Wimberly

Michael I. Leonard
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)
Dated: April 2, 2008

**CERTIFICATE OF SERVICE**

    I, Michael I. Leonard, an attorney, certify that on April 2, 2008 I caused a copy of Norman Wimberly's Motion for Disclosure of "Confidential Sources", to be served on the attorney(s) of record through the Court's ECF filing and notice system on April 2, 2008.

                                      Respectfully Submitted,

**By:**    /s/ *Michael I. Leonard*
              Michael I. Leonard