UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORMAN WIMBERLY | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | No. 08 CR 55-1 |
| | ) | Magistrate Judge Martin C. Ashman |

## FORFEITURE AGREEMENT

Pursuant to the Pretrial Release Order entered in the above-named case on April 21, 2008,

and for and in consideration of bond being set by the Court for defendant NORMAN WIMBERLY

in the amount of $ 62,000 , being partially secured by real property, GRANTOR(S) WILLIAM

V. HALL JR. and LOIS HALL hereby warrant and agree:

1.      WILLIAM V. HALL JR. and LOIS HALL warrant that they are the sole record

owners and titleholders of the real property located at 804 Englewood Drive, Columbus, Georgia

31907 and described legally as follows:

> ALL THAT LOT, TRACT OR PARCEL OF LAND SITUATE, LYING AND
> BEING IN MUSCOGEE COUNTY, GEORGIA, KNOWN AND DESIGNATED AS
> ALL OF NUMBERED ONE(1), IN BLOCK LETTERED "D", OF THAT
> SUBDIVISION OF LAND KNOWN AS LAKE RUSHIN HEIGHTS AS SAID LOT
> APPEARS UPON A MAP OR PLAT OF SAID SUBDIVISION DATED JUNE 21,

1954, PREPARED BY G.V. CARR & CO., RECORDED IN PLAT BOOK 11, PAGE 30, IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF MUSCOGEE COUNTY, GEORGIA, TO WHICH REFERENCE IS MADE FOR THE SPECIFIC LOCATION AND DEMENSIONS OF SAID LOT. WITUATED UPON SAID PROPERTY IS DWELLING NUMBERED 804 ENGLEWOOD DRIVE, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING DWELLINGS IN COLUMBUS, MUSCOGEE COUNTY, GEORGIA.

THIS IS THE SAME PROPERTY CONVEYED TO WILLIAM V. HALL, JR. FROM CHARLES S. FERGUSON BY WARRANTY DEED DATED MARCH 10, 1992 AND FILED IN BOOK 3549, FOLIO 18 IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF MUSCOGEE COUNTY, GEORGIA.

Permanent Real Estate Index Number: 087-043-012

WILLIAM V. HALL JR. and LOIS HALL warrant that there is one outstanding mortgage against the subject property with a balance of approximately $82,000 and that their equitable interest in the real property approximately equals $ *62,000*.

2.    WILLIAM V. HALL JR. and LOIS HALL agree that their equitable interest in the above-described real property, may be forfeited to the United States of America, should the defendant NORMAN WIMBERLY fail to appear as required by the Court or otherwise violate any condition of the Court's order of release. WILLIAM V. HALL JR. and LOIS HALL further understand and agree that, if the defendant NORMAN WIMBERLY should violate any condition of the Court's release order, and their equity in the property is less than $ *62,000* they will be liable to pay any negative difference between the bond amount of $ *62,000* and his equitable interest in the property, and WILLIAM V. HALL JR. and LOIS HALL hereby agree to the entry of a default judgment against them for the amount of any such difference. WILLIAM V. HALL JR. and LOIS HALL have received a copy of the Court's release order and understand its terms and conditions. Further, the sureties understands that the only notice they will receive is notice of court

2

proceedings.

3.      WILLIAM V. HALL JR. and LOIS HALL further agree to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. WILLIAM V. HALL JR. and LOIS HALL understand that should defendant NORMAN WIMBERLY fail to appear or otherwise violate any condition of the Court's order of release, the United States may obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond.

4.      WILLIAM V. HALL JR. and LOIS HALL further agree that they will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish their interest therein, including any effort to sell or otherwise convey the property without leave of Court.

5.      WILLIAM V. HALL JR. and LOIS HALL further understand that if they have knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for defendant NORMAN WIMBERLY they are subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. WILLIAM V. HALL JR. and LOIS HALL agree that the United States shall file and record a copy of this Forfeiture Agreement with the Muscogee County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6.      WILLIAM V. HALL JR. and LOIS HALL hereby declare under penalty of perjury that they have read the foregoing Forfeiture Agreement in its entirety, and the information contained

herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: _APR 21, 08_    _[signature]_
 WILLIAM V. HALL
 SURETY/GRANTOR

Date: _4-21-08_    _[signature]_
 LOIS HALL
 SURETY/GRANTOR

Return to:

Mary Beth Watson
United States Attorney's Office
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

_[signature]_
Notary

My Commission Expires May 3, 2008

4