UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 55 |
| | ) | |
| DONTAVIS WILLIAMS, et. al. | ) | Judge Ronald A. Guzman |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT
DONTAVIS WILLIAMS' PRETRIAL MOTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following consolidated response to defendant Dontavis Williams' pretrial motions. In support thereof, the government responds as follows:

**1. Dontavis Williams' Motion to Suppress Statements and Request for an Evidentiary Hearing**

Dontavis Williams has asked this court to suppress statements made by him in the case, on the grounds that these statements were elicited in violation of the procedural safeguards established in Miranda and that the statements were obtained from him involuntarily and in violation of his right against self incrimination and the standards of due process. However, Williams has presented only unsupported, conclusory statements in support of his motion. Since he provided no basis whatsoever for a hearing, much less suppression of the evidence, Williams' motion should be denied in its entirety.

The defendant has the burden to establish that a hearing is necessary to resolve the issues presented in his motion to suppress. *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995); *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). Williams cannot meet his burden by merely stating conclusory allegations in his moving papers; instead, "[a] defendant must present

definite, specific, detailed, and nonconjectural facts that justify relief before a district court will grant a suppression hearing." *Randle*, 966 F.2d at 1212 (internal quotation marks omitted). *See also Rodriguez*, 69 F.3d at 141 (same). "Reliance on vague, conclusory allegations is insufficient." *Randle*, 966 F.2d at 1212.

To raise a factual issue requiring a hearing, Williams should support his claim with an affidavit based on personal knowledge. *United States v. Johnson*, 1997 WL 124269, at * 1 (N.D. Ill. Mar. 18, 1997); *United States v. Mallard*, 1994 WL 22958, at *2 (N.D. Ill. Jan. 25, 1994); *United States v. Robinzine*, 1993 WL 443394, at *3 (N.D. Ill. Oct. 29, 1993) (defendant's unsworn allegations that he was not properly informed of *Miranda* rights insufficient to make prima facie showing of illegality). This is the only way the Court can, as directed by the Seventh Circuit, "carefully scrutinize the facts presented in the affidavit to determine whether they are definite and detailed enough to truly controvert the statements of fact submitted by the government." *Rodriguez*, 69 F.3d at 140 n.2, 141; *Randle*, 966 F.2d at 1212.

Williams' motion to suppress falls far short of these standards. He does not provide an affidavit based on personal knowledge. *See Mallard*, 1994 WL 22958 at *2 (suggesting failure to attach affidavit to suppression motion renders motion deficient); *Robinzine*, 1993 WL 443394, at *2-3 (same). A detailed affidavit or other sworn evidence (*i.e.*, oral testimony) should be required before a hearing is ordered. *See e.g.*, *United States v. Johnson*, 1997 WL 124269, *1-2 (N.D. Ill. Mar. 18, 1997); *Mallard*, 1994 WL 22958 at *2; *Robinzine*, 1993 WL 443394 at *3. Williams' motion simply makes a series of unsupported assertions offered by defense counsel. Where Williams has fallen short of meeting his burden to demonstrate that an evidentiary hearing is necessary, none should be held.

**2.     Dontavis Williams' Motion for Production of Confidential Informant**

The government has not formulated the intent to call either of the confidential sources as trial witnesses in this case. However, consistent with the letter addressing Federal Rule of Criminal Procedure 16 and Local Criminal Rule 16.1 tendered previously to the defendant, the government will disclose trial witnesses and exhibits no later than two weeks prior to trial, and will provide all material pursuant to 18 U.S.C. § 3500 no later than two weeks before trial. In the event that the confidential sources in this case are to be called as trial witnesses, the government will disclose the identities of these witnesses consistent with the Rule 16.1 letter, or on any other such schedule set by the Court.

**3.     Dontavis Williams' Amended Motion to Adopt Pretrial Motions**

Williams has moved to adopt the pretrial motions of all other defendants that are applicable to him, including those motions previously filed by Defendant Norman Wimberly. The government's response to these motions as applied to Williams is identical to its response as applied to Norman Wimberly. However, for convenience, those responses are repeated here.

**a.     Norman Wimberly's Motion for Disclosure of Confidential Sources**

The government has not formulated the intent to call either of the confidential sources as trial witnesses in this case. However, consistent with the letter addressing Federal Rule of Criminal Procedure 16 and Local Criminal Rule 16.1 tendered previously to the defendant, the government will disclose trial witnesses and exhibits no later than two weeks prior to trial, and will provide all material pursuant to 18 U.S.C. § 3500 no later than two weeks before trial. In the event that the confidential sources in this case are to be called as trial witnesses, the government will disclose the

identities of these witnesses consistent with the Rule 16.1 letter, or on any other such schedule set by the Court.

    **b.**    **Norman Wimberly's Motion for an Order Directing the Government to Preserve and Produce Agent Notes**

The government has already instructed it's agents to preserve any notes prepared in the investigation of this matter. The government has no objection to producing these notes pursuant to a schedule set by the Court.

    **c.**    **Norman Wimberly's Motion for Pretrial Production of Charts, Summaries, and Calculations**

Consistent with the Federal Rule of Criminal Procedure 16 and Local Criminal Rule 16.1 letter tendered previously to the defendant, the government will disclose trial witnesses and exhibits, including charts, summaries and calculations, no later than two weeks prior to trial, or any other such schedule as established by the Court.

    **d.**    **Norman Wimberly's Motion to Compel the Government to Seek Admission of any 404(b) Evidence At Least 60 Days Prior to Trial**

Consistent with the Federal Rule of Criminal Procedure 16 and Local Criminal Rule 16.1 letter tendered previously to the defendant, the government will disclose any evidence it intends to offer pursuant to Fed. Rule of Evidence 404(b) no later than one week prior to trial, or any other schedule as set by the court.

    **e.**    **Norman Wimberly's Motion for Early Production of Exculpatory and Impeaching Information**

Consistent with the Federal Rule of Criminal Procedure 16 and Local Criminal Rule 16.1 letter tendered previously to the defendant, the government will disclose any impeaching information no later than two weeks prior to trial, or any other schedule as set by the court. Should

any exculpatory information regarding any of the three defendants in this case become known to the government, such information will be produced to all defendants as soon as it becomes available.

    **f.** **Norman Wimberly's Motion for Disclosure by the Government of its Testifying Expert Witnesses, and Production of Reports Containing Their Opinions, Qualifications, and Testimonial Experience**

Consistent with the Federal Rule of Criminal Procedure 16 and Local Criminal Rule 16.1 letter tendered previously to the defendant, the government will disclose all trial witnesses and exhibits no later than two weeks prior to trial, and will provide all material pursuant to 18 U.S.C. § 3500 no later than two weeks before trial. In the event that any expert witnesses are to be called as trial witnesses in this case, the government will tender all reports, opinions, qualifications, and testimonial experience no later than two weeks prior to trial, or on any other schedule deemed appropriate by the Court.

                                      Respectfully submitted,
                                      PATRICK J. FITZGERALD
                                      United States Attorney

              By:    s/ Michael J. Ferrara
                        MICHAEL J. FERRARA
                        Assistant United States Attorney
                        United States Attorney's Office
                        219 South Dearborn Street, 5th Floor
                        Chicago, Illinois 60604
                        (312) 886-7649

Dated: April 22, 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 08 CR 55 |
| v. | ) | |
| | ) | Judge Ronald A. Guzman |
| DONTAVIS WILLIAMS, et. al. | ) | |

**CERTIFICATE OF SERVICE**

It is hereby certified that on April 23, 2008, I caused copies of the GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT DONTAVIS WILLIAMS' PRETRIAL MOTIONS to be served upon:

> THOMAS MORE LEINENWEBER
> Leinenweber & Baroni, LLC
> 321 South Plymouth Court, Suite 1515
> Chicago, IL 60604

by sending the same via messenger service to the above address, on said date on or before 5:00 p.m.

> Respectfully submitted,
>
> PATRICK J. FITZGERALD
> United States Attorney
>
> By:   s/Michael J. Ferrara
>       MICHAEL J. FERRARA
>       Assistant United States Attorney
>       219 South Dearborn, 5th Floor
>       Chicago, Illinois 60604
>       (312) 886-7649

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 08 CR 55 |
| v. | ) | |
| | ) | Judge Ronald A. Guzman |
| NORMAN WIMBERLY, et. al. | ) | |

**NOTICE OF FILING**

TO:   THOMAS MORE LEINENWEBER
     Leinenweber & Baroni, LLC
     321 South Plymouth Court, Suite 1515
     Chicago, IL 60604

     Please take notice that on this 22nd day of April, 2008, the undersigned filed the following documents in the above-captioned matter, a copy of which attached hereto: GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT DONTAVIS WILLIAMS' PRETRIAL MOTIONS.

                                  Respectfully submitted,

                                  PATRICK J. FITZGERALD
                                  United States Attorney

           By:    s/Michael J. Ferrara
                  MICHAEL J. FERRARA
                  Assistant United States Attorney
                  219 South Dearborn, 5th Floor
                  Chicago, Illinois 60604
                  (312) 886-7649